UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | No. 2:19-cv-1295 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983, and a motion for a temporary restraining order and preliminary injunction seeking to enjoin the CDCR plan to merge Special Needs Yard inmates with the general population at Avenal State Prison, where plaintiff is currently housed. For the reasons stated herein, plaintiff's motion for injunctive relief should be denied.

I. Plaintiff's Allegations

In his complaint, plaintiff, a member of the general population, alleges that defendants are acting with deliberate indifference to conditions posing a substantial risk of serious harm to plaintiff by planning to merge Special Needs Yard ("SNY") (formerly known as protective custody) inmates with General Population ("GP") inmates onto a yard known as a "Non-Designated Programming Facility" ("NDPF") Yard. (ECF No. 1 at 18.) On December 12, 2017, defendant Allison, Director of the CDCR, wrote a department memo announcing the expansion of

1

such merger. On July 19, 2018, inmate representatives submitted a group statement to defendant Warden Ndoh voicing concerns and objections to the proposed merger. On September 10, 2018, defendant Diaz, Secretary of the CDCR, wrote a memo setting a schedule for the merger, and scheduling Avenal State Prison for such merger in January of 2019. Plaintiff alleges that both courts and CDCR officials have long understood that SNY inmates cannot safely be housed with GP inmates, and there are well-documented incidents of violence when SNY inmates have been housed with GP inmates. Plaintiff argues that this merger will put plaintiff at serious risk of harm or injury, and violates his Eighth Amendment right to be protected from violence. Plaintiff seeks injunctive relief enjoining defendants from merging the SNY and GP inmates, as well as declaratory relief.

II. Motion for Temporary Restraining Order/Preliminary Injunction

    A. Legal Standards

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted); Epona v. Cty. of Ventura, 876 F.3d 1214, 1227 (9th Cir. 2017) (same). Also, "the grant of a preliminary

injunction is a matter committed to the discretion of the trial judge." (internal quotation marks and citation omitted). "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter, 555 U.S. at 20). "Under Winter, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

In addition, the PLRA requires prisoners to satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Section 3626(a)(2) places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators -- no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

B. Plaintiff's Motion

In his motion, plaintiff claims he will be placed in a dangerous condition of confinement posing a serious risk to his safety if he is housed with SNY inmates. Plaintiff argues it is well documented that housing prisoners with safety concerns (SNY inmates) with GP inmates creates an excessive risk of assault or death. (ECF No. 1 at 11.) He contends that there have been a "prevalence of assaults" in situations where such mergers have occurred. Plaintiff argues that

because defendants have stated such merger will take place at Avenal State Prison in plaintiff's specific housing unit, plaintiff is threatened with irreparable harm, citing the declaration of Kim McGill, Organizer, Youth Justice Coalition. (ECF No. 1 at 12, citing 1 at 18-22.) Plaintiff maintains that these two populations have been separated for well over two decades due to safety concerns well-known by the CDCR. Further, plaintiff claims he will likely succeed on the merits of his claims because prison officials are required to protect inmates from known threats of violence and assaults by other inmates under the Eighth Amendment, and prisoners are not required to wait until an assault occurs before seeking relief, citing Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). (ECF No. 1 at 13.) Plaintiff argues that the public interest is always served by requiring prison officials to obey the law and the Constitution.

C. Discussion

Federal Rule 65(b)(1) permits issuance of a temporary restraining order without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has not provided the certification required by this rule. Accordingly, the request for a temporary injunction is defective and should be denied. Indeed, plaintiff filed his motion along with his complaint, and therefore his complaint has not been screened, and no defendant has been served with process. Until defendants have been served with process, this court lacks personal jurisdiction over them, and may not grant the injunctive relief he seeks. See Fed. R. Civ. P. 65(d)(2); Murphy Bros, Inc., 526 U.S. at 350.

Plaintiff bases the alleged threat of harm on other "well-documented" but unidentified incidents of violence that occurred when SNY prisoners attacked and assaulted GP prisoners or vice versa. But he identifies no immediate threat to his own personal safety based on SNY prisoners housed at Avenal who are about to be housed with plaintiff. An adequate showing of

4

irreparable harm is the "'single most important prerequisite for the issuance of a [temporary restraining order].'" Universal Semiconductor, Inc. v. Tuoi Vo, 2016 WL 9211685, at *2 (N.D. Cal. Nov. 29, 2016) (quoting Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005)). To successfully make that showing, the moving party must "demonstrate that irreparable injury is *likely* in the absence of an injunction." Winter, 555 U.S. at 22 (emphasis preserved). A temporary restraining order issued on anything less is "inconsistent" with the "characterization of injunctive relief as an extraordinary remedy. . . ." Id.

While plaintiff is correct that he does not have to wait until he is actually assaulted to state a claim and obtain relief, he is required to demonstrate he faces imminent and irreparable injury to obtain preliminary injunctive relief. Plaintiff has not done so. Rather, he refers to memos from past years, and alleges that the merger was to take place at Avenal State Prison in January of 2019. But he does not state that the merger has started, that he has been placed on a NDPF yard, or demonstrate that he will be subject to immediate and irreparable harm if the requested preliminary relief is not granted. Plaintiff is required to demonstrate he faces imminent harm. Caribbean Marine Servs. Co., Inc. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). This requires that plaintiff allege "specific facts in an affidavit or a verified complaint [which] clearly show" a credible threat of "immediate and irreparable injury, loss or damage." Fed R. Civ. P. 65(b)(1)(A). Plaintiff has not made this showing. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine, 844 F.2d at 674.

Plaintiff provides the declaration of Kim McGill, an Organizer with the Youth Justice Coalition, describing the association's efforts to challenge the CDCR's implementation of the NDPF Yards, based on their safety concerns. (ECF No. 1 at 18-21.) While the court is sympathetic to plaintiff's safety concerns, McDill's affidavit does not clearly demonstrate that plaintiff currently faces an "immediate and irreparable loss or injury." See Fed. R. Civ. P. 65(b)(1); Winter, 555 U.S. at 22. Generalized allegations of past incidents of violence fail to show that plaintiff has been assigned to a merged yard and faces imminent harm. Rather, his allegations show defendants have a plan to merge GP inmates with SNY inmates at Avenal State Prison, and plaintiff fears the potential for an attack should he be placed on such a NDPF yard.

But such allegations fail to establish that plaintiff currently faces the type of immediate and credible threat of irreparable harm necessary to justify extraordinary injunctive relief at this stage of the case. Goldie's Bookstore, Inc. v. Superior Court of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."); Montalvo v. Diaz, 2019 WL 1242445, *6 (S.D. Cal. March 18, 2019) (prisoner failed to show he currently faces immediate and irreparable harm based on his transfer to an NDPF facility); Rigsby v. State, 2013 WL 1283778, at *5 (D. Ariz. Mar. 28, 2013) (denying prisoner's motion for temporary restraining order based on fear of potential future injury based on past assaults); Chappell v. Stankorb, 2012 WL 1413889, at *2 (E.D. Cal. Apr. 23, 2012) (denying injunctive relief where prisoner's claims of injury based on current or future housing decisions were nothing "more than speculative."), report and recommendation adopted, 2012 WL 2839816 (E.D. Cal. July 9, 2012). "A presently existing actual threat must be shown, although the injury need not be certain to occur." Chappell, 2012 WL 1413889, at *3 (citations omitted).

For all of the above reasons, plaintiff's motion for temporary restraining order and preliminary injunction should be denied.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that plaintiff's motion for emergency injunctive relief (ECF No. 1) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 17, 2019

/pere1295.tro

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE