UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR PEREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-1295 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's motion for preliminary injunctive relief was denied. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1), and Local Rule 302. For the reasons set for below, the undersigned finds that plaintiff failed to exhaust his administrative remedies before filing this action and recommends dismissal of this action without prejudice.

I. In Forma Pauperis Application

  Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening of Complaint

    A. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Pursuant to the initial screening of a complaint under 28 U.S.C. § 1915A, a court may dismiss an action for failure to exhaust administrative remedies. See Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of prisoner's complaint because he failed to exhaust his administrative remedies). Thereafter, failure to exhaust is an affirmative defense that must be raised and proved by the defendant. Wyatt v. Terhune, 315 F.3d 1108, 1112 (9th Cir. 2003).

B. Plaintiff's Allegations

In his complaint, plaintiff, a member of the general population, alleges that defendants are acting with deliberate indifference to conditions posing a substantial risk of serious harm to plaintiff by planning to merge Special Needs Yard ("SNY") (formerly known as protective custody) inmates with General Population ("GP") inmates onto a yard known as a "Non-Designated Programming Facility" ("NDPF") Yard. (ECF No. 1 at 18.) On December 12, 2017, defendant Allison, Director of the CDCR, wrote a department memo announcing the expansion of such merger. On July 19, 2018, inmate representatives submitted a group statement to defendant Warden Ndoh voicing concerns and objections to the proposed merger. On September 10, 2018, defendant Diaz, Secretary of the CDCR, wrote a memo setting a schedule for the merger, and scheduling Avenal State Prison for such merger in January of 2019. Plaintiff alleges that both courts and CDCR officials have long understood that SNY inmates cannot safely be housed with GP inmates, and there are well-documented incidents of violence when SNY inmates have been

3

housed with GP inmates. Plaintiff argues that this merger will put plaintiff at serious risk of harm or injury and violates his Eighth Amendment right to be protected from violence. Plaintiff seeks injunctive relief enjoining defendants from merging the SNY and GP inmates, as well as declaratory relief.

C. <u>Discussion</u>

It is obvious from the face of plaintiff's pleading that he did not exhaust his administrative remedies prior to bringing this action because he concedes that he did not. (ECF No. 1 at 3.) Plaintiff asserts that prison officials refused to file and adjudicate a group appeal regarding this issue, and further argues he will suffer irreparable harm unless he is granted temporary injunctive relief pending exhaustion. (ECF No. 1 at 3.)

It is well established that the Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies <u>before</u> bringing a federal civil rights action. See 42 U.S.C. § 1997e(a); <u>Brown v. Valoff</u>, 422 F.3d 926, 934 (9th Cir. 2005); <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1119 (9th Cir. 2009). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Bennett v. King</u>, supra, 293 F.3d at 1098 (citation and internal quotation marks omitted); <u>see</u> <u>also</u> <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). This requirement promotes the PLRA's goal of efficiency by: "(1) 'giv[ing] prisoners an effective incentive to make full use of the prison grievance process'; (2) reducing prisoner suits as some prisoners are 'persuaded by the proceedings not to file an action in federal court'; and (3) improving the quality of any remaining prisoner suits 'because proper exhaustion often results in the creation of an administrative record that is helpful to the court.'" <u>Nunez v. Duncan</u>, 591 F.3d 1217, 1226 (9th Cir. 2010) (quoting <u>Woodford v. Ngo</u>, 548 U.S. 81, 94-95 (2006)). "[A] prisoner must 'complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court.'" <u>Harvey v. Jordan</u>, 605 F.3d 681, 683 (9th Cir. 2010) (quoting

Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S. Ct. 1850, 1857, 1859 (2016). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).

As the U.S. Supreme Court recently explained regarding the PLRA's exhaustion requirement:

> [T]hat language is "mandatory": An inmate "shall" bring "no action" (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies. . . . [T]hat edict contains one significant qualifier: the remedies must indeed be "available" to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust -- irrespective of any "special circumstances."

Ross, 136 S. Ct. at 1856 (internal citations omitted). Thus, even plaintiff's alleged "exigent circumstances" do not constitute "special circumstance" exempting him from the exhaustion requirement. As noted above, plaintiff's request for temporary injunctive relief was denied by the district court.

The court finds that plaintiff failed to exhaust his claims against defendants, requiring dismissal of this action. Because plaintiff must administratively exhaust his claims before again bringing them before this court in a civil rights action, the undersigned recommends dismissal of his complaint without leave to amend, but dismisses the action without prejudice to plaintiff filing a new civil rights complaint once he has exhausted his administrative remedies.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 30, 2019

/pere1295.fte.sua

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE